UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELLVE SHAHID, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV900 CDP |
| ) | |
| US BANCORP, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before me on the City of Florissant's motion to dismiss for lack of jurisdiction and US Bancorp's motion to strike or for a more definite statement. Defendants complain that they cannot properly determine the nature of the action being brought against them due to pleading deficiencies.[1]

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000)

---

[1]The City of Florissant argues that this Court lacks jurisdiction over Mellve Shahid's claims because the complaint does not indicate the nature of his claims, while US Bancorp contends that portions of the complaint should be stricken and/or plaintiffs should be required to file an amended complaint to cure pleading deficiencies.

(internal quotation marks and citations omitted). Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." Id. (internal quotation marks and citations omitted).

A party may make a motion for more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). But, Fed. R. Civ. P. 8(a)(2) only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001). "A motion under Rule 12(e) is designed to strike at unintelligibilty in a pleading rather than want of detail." Patterson v. ABS Consulting, Inc., 2009 WL 248683, at *2 (E.D. Mo. Feb.2, 2009). The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Because a motion for more definite statement is not a substitute for discovery, one cannot use it to test a case or require the pleader to allege certain facts or retreat from certain allegations. Tinder, 207 F. Supp. 2d at 960. When, however, a "pleading fails to specify the allegations in a manner that

provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding. Swierkiewicz, 534 U.S. at 514.

Here, US Bancorp has not demonstrated that it is entitled to a motion to strike, nor has it demonstrated that plaintiffs are required to allege in their complaint the amount of detail demanded by defendant. That defendant does not like how the plaintiffs have structured their complaint is not a proper basis to strike it. However, I do find that plaintiffs should file an amended complaint to clarify their claims against the both defendants. Although plaintiffs explained the basis for Mellve Shahid's claims in their opposition to these motions, it is not apparent from reading the complaint what his claims are and against whom they are brought.[2] Plaintiffs seek relief from two different defendants — US Bancorp and the City of Florissant. Each defendant is entitled to know what claims are being asserted against it by which plaintiffs from a reading of the complaint. As currently alleged, the second amended complaint does not meet this standard and does not sufficiently apprise the defendants of the claims against them.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike [#25-1] is

---

[2] I do not decide, for purposes of these motions, whether alleging that "Mellve Shahid Jr's claims are based on his being the spouse of Sharhonda Shahid" (as plaintiffs have done in their opposition papers) sufficiently states a claim against one or both defendants.

denied, and the motion for more definite statement [#25-2] is granted only to the following extent: plaintiffs shall file an amended complaint which complies with this Memorandum and Order and the Federal Rules of Civil Procedure within 21 days of the date of this Order.  In all other respects, the motion for more definite statement is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#21] is denied without prejudice as moot.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 30th day of August, 2012.